UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*********************************************
H&N GAS, LIMITED PARTNERSHIP              *
                                           *
            Plaintiff,                     *     Civil Case No. #03-65-B
                                           *
   v.                                      *
                                           *
DEBORAH O. FROMUTH and                     *
AUGUST G. FROMUTH,                         *
                                           *
            Defendants,                    *
                                           *
   and                                     *
                                           *
MORGAN STANLEY DEAN WITTER,                *
                                           *
            Trustee Defendant Only.        *
*********************************************

## ORDER

Upon Plaintiff H&N Gas, Limited Partnership's, Motion For Order Compelling A Sheriff's Sale of The Waterville Valley Property Free and Clear of the Interests, If Any, of August Fromuth and upon proper notice having been given and all parties wishing to having been heard

IT IS HEREBY ORDERED:

1. This Court granted Plaintiff an *ex parte* prejudgment attachment on February 20, 2003 against Defendant Deborah Fromuth on, among other things, all of her interest in real property in Grafton County, New Hampshire. Plaintiff timely recorded its attachment against Deborah

Fromuth in the Grafton County Registry of Deeds on February 24, 2003 at Book 2780, Page 718.

2. At the time Plaintiff's attachment was recorded on February 24, 2003, Deborah Fromuth held title to 100% of the interest in real property located at Upper Greeley Hill Road, Waterville Valley, Grafton County, New Hampshire (now known as 48 Snow's Mountain Road, Waterville Valley, New Hampshire)(the "Waterville Valley Property"). The source of her title was a Quitclaim Deed recorded at the Grafton County Registry of Deeds on October 25, 1999 at Book 2427, Page 0017

3. Following the grant of the attachment, Deborah Fromuth and August Fromuth objected and requested a hearing. Following a hearing on March 31, 2003, this Court affirmed the attachment. Following the recording of Plaintiff's attachment on February 24, 2003 and the March 2003 hearing, Deborah Fromuth conveyed the Waterville Valley Property via Quitclaim Deed from Deborah Fromuth to Deborah Fromuth and August Fromuth, her husband, as joint tenants with rights of survivorship. The Quit Claim Deed was recorded at the Grafton County Registry of Deeds on April 3, 2003 at Book 2798, Page 939.

4. In April 2005, Plaintiff and Deborah Fromuth settled this action via a Stipulation For Judgment which was approved by this Court in May, 2005. Pursuant to the Stipulation, judgment was entered against Deborah Fromuth in the amount of $200,000. Thirty Five Thousand ($35,000) Dollars of that amount was to paid in cash and the balance, $165,000, was

to be paid "by the continuation of H&N GAS' existing first priority attachment on the Waterville Valley Property from which H&N GAS will seek to satisfy the judgment in the manner H&N GAS sees fit." Upon Plaintiff's request, this Court issued a Writ of Execution to Plaintiff on April 28, 2006. Evidently, a question has been raised as to whether, via a Sheriff's sale by the Grafton County Sheriff, the entire interest in the property may be sold to satisfy the attachment or only that portion still held by Deborah Fromuth.

5. New Hampshire law on attachments on real property provides that: "No attachment of any interest in real estate shall be defeated by any change in the nature of the debtor's right thereto, as by redemption of a mortgage or other encumbrance or the execution to the debtor of any conveyance pursuant to a contract, but the whole interest of the debtor, upon such change, shall be held by the attachment." RSA 511:17. *See e.g. In the Matter of O'Neil v. Aurora Graphics*, 149 NH 87 (2003); *LeBlanc v. Berube*, 141 NH 597 (1997); *Rodman v. Young*, 141 NH 236 (1996); *Lachance v. Dondero*, 91 NH 157 (1940); *Beland v. Goss*, 68 NH 257 (1894). Once a real estate attachment has been made, it cannot be defeated by a subsequent transfer by the debtor to a third party. By an attachment, a creditor obtains all of the debtor's interest in the premises at the time of the recording of the attachment. A real estate attachment takes precedence over any subsequent transfer by the debtor and any subsequent

transfer is no impediment to executing on the attachment to collect on a judgment.

6. Based upon the forgoing, this court clarifies the Stipulation For Judgment as follows: In entering into the Stipulation For Judgment, Deborah Fromuth agreed that a judgment could be entered against her in this matter. Deborah Fromuth agreed that the Plaintiff held a priority attachment on the Waterville Valley Property and further agreed that Plaintiff could execute on the Waterville Valley Property pursuant to its priority attachment to collect $165,000 of the judgment entered by this Court. By its attachment, Plaintiff obtained a lien on all of Deborah Fromuth's interest in the premises at the time of the attachment. Plaintiff's attachment is valid and enforceable against any subsequent transfer, and Plaintiff may proceed to execute and sell the entire interest in the Waterville Valley Property to satisfy the attachment, including the portion no longer held by Deborah Fromuth.

7. Deborah Fromuth contends that the Writ of Execution issued on April 28, 2006 is too broad as it includes all her property and is not limited to the Waterville Valley Property. Plaintiff agreed that it seeks to execute only on its attachment on the Waterville Valley Property pursuant to the Stipulation For Judgment and not on any other property of Deborah Fromuth. Thus, to clarify the execution so that there is no further uncertainty, this Court will amend the Writ of Execution to specifically

command levy on Plaintiff's February 24, 2003 attachment on the Waterville Valley Property.

8. Nothing in this order prevents any other party including August Fromuth from seeking redress in any court to assert whatever rights or claims such party may have, if any, to obtain an injunction of any sheriff's sale of the Waterville Property. However, until such action is taken and such an injunction issues, the Plaintiff is free to sell the entire premises through execution.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge
September 18, 2006